IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:10-792-CMC |
| v. | **OPINION and ORDER** |
| Escanio Bicuna Rios, | |
| Defendant. | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 199. Defendant argues that a constitutional infirmity exists in his conviction, and that the court has an "obligation to correct any error that raises the term of imprisonment." Mot. at 1.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant's motion is an attempt by an "unhappy litigant [to get] one additional chance to sway the judge." *Id*. This argument was contained in his § 2255 motion, which was rejected as untimely filed.

1

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

                                                        s/ Cameron McGowan Currie
                                                        CAMERON McGOWAN CURRIE
                                                        SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 30, 2013